IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JESSICA R.,

                Plaintiff,

    v.                                 Civil Action No.
                                     3:19-CV-1344 (DEP)

KILOLO KIJAKAZI,[1]

                Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM       PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMIN.            NATASHA OELTJEN, ESQ.
Office of General Counsel            DANIEL TARABELLI, ESQ.
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES

---

[1] Plaintiff's complaint named Andrew M. Saul, in his official capacity as the Commissioner of Social Security, as the defendant. On July 12, 2021, Kilolo Kijakazi took office as the Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

U.S. MAGISTRATE JUDGE

# DECISION AND ORDER[2]

Plaintiff commenced this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge a denial by the Commissioner of Social Security ("Commissioner") denying her application for Social Security disability benefits. On March 2, 2021, this court entered judgment affirming the Commissioner's decision and dismissing plaintiff's complaint. Following an appeal from that decision and judgment, a panel of the Second Circuit Court of Appeals, by a two-to-one majority, ordered that the judgment be affirmed in part and remanded in part. The Second Circuit Court of Appeals panel majority opinion specifically found that the ALJ's finding related to social interaction limitations was not supported by substantial evidence, and that the ALJ misapplied the treating physician rule as to the medical source statement from Dr. Mirza. The Second Circuit Court of Appeals panel majority concluded that, due to these errors, remand is warranted for further proceedings. It is therefore hereby

ORDERED that the judgment of this court (Dkt. No. 21) is VACATED in part, and the matter is REMANDED to the Commissioner for further

---

[2]   This matter is before me based upon consent of the parties, pursuant to 28 U.S.C. § 636(c).

2

proceedings consistent with the majority opinion of the Second Circuit Court of Appeals panel; and it is further

    ORDERED that the clerk enter judgment consistent with this opinion.

Dated:    November 8, 2022  
           Syracuse, NY

_____  
DAVID E. PEEBLES  
U.S. Magistrate Judge