IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JESSICA R.,

                Plaintiff,

     v.                              Civil Action No.
                                         3:19-CV-1344 (DEP)

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW GROUP    PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          DANIEL STICE TARABELLI, ESQ.
Office of the General Counsel       NATASHA OELTJEN, ESQ.
6401 Security Boulevard
Baltimore, MD 21235


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER[1]

---

[1] This matter is before me based upon consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff commenced this proceeding, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge a determination of the Commissioner of Social Security ("Commissioner") finding that she was not disabled at the relevant times and, accordingly, was ineligible for the benefits for which she applied. Her claim having been affirmed in part but otherwise remanded to the agency for further proceedings, pursuant to a decision by a split panel of the Second Circuit Court of Appeals, plaintiff now applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Acting Commissioner opposes plaintiff's motion on the ground that the positions taken by her in this litigation were substantially justified.  For the reasons set forth below, I find that at least one of the Acting Commissioner's positions in this case was not substantially justified, and therefore will grant plaintiff's motion for an award of fees pursuant to the EAJA.

I.      BACKGROUND

Plaintiff commenced this action on October 31, 2019.  In her complaint, plaintiff challenged an adverse determination of the Acting Commissioner, based upon a finding by an administrative law judge ("ALJ") that she was not disabled at the relevant times, and accordingly is not entitled to receive the benefits for which she applied.  In accordance with

the court's protocol, as set forth in General Order No. 18, once issue was joined, the matter was considered as if cross-motions for judgment on the pleadings had been filed pursuant to Ruled 12(c) of the Federal Rules of Civil Procedure.

After carefully and thoroughly reviewing the parties' submissions and the record before the court, on March 2, 2021, I issued a decision finding that the ALJ's determination applied the proper legal principles and was supported by substantial evidence. Dkt. Nos. 20, 21. Plaintiff appealed the resulting judgment to the Second Circuit Court of Appeals, a panel of which vacated my decision, finding in a two-to-one decision that the ALJ erred in connection with certain aspects of assessing the plaintiff's mental residual functional capacity, and remanded the case back to this court with instructions to return the case to the agency for further proceedings. *Rucker v. Kijakazi*, 48 F.4th 86 (2nd Cir. 2022). In compliance with that order, on November 8, 2022, I ordered that the Commissioner's determination be vacated and the matter remanded for further consideration. Dkt. Nos. 27, 28.

On December 7, 2022, plaintiff, through her attorney, filed the instant motion seeking recovery of attorney's fees pursuant to the EAJA. Dkt. No. 29. The Commissioner opposes that motion, asserting that her position

taken before the court was substantially justified.

III.   DISCUSSION

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of agency action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To qualify for recovery under the EAJA, a plaintiff must allege that he or she is a prevailing party that is eligible to receive an award, and additionally that the position taken by the United States in this matter was not substantially justified.  28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, J.); *Coughlin v. Astrue*, 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.).  In addition, the movant must submit an itemized statement from the attorney appearing on his or her behalf detailing the time expended and the rates at which the fee request is calculated.  *Id.*  In the event that a plaintiff satisfies these criteria, his or her EAJA request may nonetheless be denied upon a finding of special circumstances making an award unjust.  28 U.S.C. §

4

2412(d)(1)(A); *See also Coughlin*, 2009 WL 3165744, at *3.

The Commissioner bears the burden of demonstrating that her positions are substantially justified. *See, e.g., Hale v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). "[A] 'strong showing' is required to satisfy this burden." *Walker v. Astrue*, 04-CV-0891, 2008 WL 4693354, at *2 (N.D.N.Y. Oct. 23, 2008) (quoting *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987)). "The legislative history of the EAJA indicates that the substantial justification standard 'should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.'" *Davis v. Colvin,* 11-CV-0658, 2013 WL 6506466, at *1 (N.D.N.Y. Dec. 11, 2013) (quoting *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (citations and internal quotation marks omitted)).

As this court has previously stated,

> The issue of the meaning of the term "substantially justified" for purposes of the EAJA, was before the Supreme Court in the seminal case of *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court settled on a test of reasonableness, concluding that the phrase should be interpreted as meaning "justified to a degree that could satisfy a reasonable person." *Id.* at 565; *accord, Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989). In accordance with *Pierce*, the Second Circuit has further construed the term "substantially justified" to mean as "having a 'reasonable basis in both law and in fact.'" *Dunn*, 169

5

> F.3d at 786 (quoting *Pierce*, 487 U.S. at 565); *see Ericksson*, 557 F.3d at 81; see also HR No. 96-1418, 96th Cong 2d Sess (1980).

*Jenny R. R. v. Comm'r of Soc. Sec.*, 18-CV-1451, 2020 WL 4034839, at *2 (N.D.N.Y. July 17, 2020) (Peebles, M.J.); *see also Cohen*, 837 F.2d at 586 ("This circuit repeatedly interpreted the 'substantially justified' standard to be essentially a standard of reasonableness.") (additional citation omitted).

"When analyzing the government's position, both the underlying agency determination affecting the party and the government's litigation strategy in defense of the determination are considered." *Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) (summary order) (citing 28 U.S.C. § 2412(d)(2)(D), *see Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989)). Courts have held that the substantially justified standard "[i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Knapp v. Astrue,* 10-CV-1218, 2011 WL 4916515, at *1-2 (N.D.N.Y. Oct. 17, 2011) (quoting *Cohen*, 837 F.2d at 585). "The issue for EAJA purposes is not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have

6

foreclosed its position during the underlying litigation." *Commodity Future Trading Comm'n v. Dunn*, 169 F.3d 785, 787 (2d Cir. 1999). "The government cannot prevail by arguing that it was substantially justified in some of the positions it took if it was not substantially justified on the issue that caused the court to find in the plaintiff's favor." *Davis*, 2013 WL 6506466, at *1 (citing *Maxey v. Chater*, No. 93-CV-606, 1996 WL 492906, at *3) (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue—failure to develop the record—that caused [the district court] to remand this case."); *see also Bartha v. Comm'r of Soc. Sec.*, No. 18-CV-0168, 2020 WL 2315578, at *1 (W.D.N.Y. May 11, 2020) ("The Commissioner must show that his position was substantially justified as to the issue upon which this Court remanded.")

    After a careful consideration of all of the relevant documents before me, including the ALJ's decision, the administrative record, the parties' briefing on both the underlying substantive motion and the EAJA motion, and the Second Circuit's decision, I find that the Acting Commissioner's positions in this litigation regarding at least one of the issues on which the Second Circuit found remand warranted were not substantially justified

because they lack a reasonable basis in both law and fact.

In its opinion, the Second Circuit majority found remand was warranted related to the Commissioner's treatment of plaintiff's mental impairments because (1) the ALJ's assessment of plaintiff's difficulties with social interactions, and specifically the finding that she can have no contact with the public and should avoid work requiring more complex interaction or joint effort to achieve work goals, is not supported by substantial evidence because it is not clear where such limitation, which does not place any formal restriction on interactions with coworkers or supervisors, is found within the evidence, given that the opinions relied upon appear to support greater restriction in those areas; and (2) the ALJ misapplied the treating physician rule as to Dr. Sobia Mirza by failing to provide any good reasons for discounting that opinion. *Rucker*, 48 F.4th at 91-95. The Second Circuit majority did find, however, that the ALJ's conclusions regarding plaintiff's physical limitations are supported by substantial evidence.[2] *Id.* at 95.

As an initial matter, I note that, just as a lower court's opinion or a

---

[2]    Circuit Judge Stephen Menashi dissented from the majority's decision, expressing his belief that the majority's conclusions are erroneous because it (1) misreads the ALJ's decision and misstates the ALJ's findings, and (2) substitutes its own judgment for that of the agency regarding how the evidence in this case should have been weighed, an action which is inconsistent with the function of a reviewing court under the substantial evidence standard. *Rucker*, 48 F.4th at 95-101.

dissenting opinion upholding the ALJ's decision are not dispositive of substantial justification, "[t]he fact that the government's position in the case was not accepted by the court, however, does not in and of itself dictate a finding, or even raise a presumption, that the government's position was not substantially justified." *Donnette H. v. Saul*, 498 F. Supp. 3d 328, 332 (N.D.N.Y. 2020) (Peebles, M.J.).

To the extent that plaintiff raises contentions regarding certain other arguments advanced by the Commissioner in defense of the Agency's decision that are not implicated by the Second Circuit majority's remand, I find that such are arguments are of little consequence to the motion now before me. Even assuming, for the sake of argument, that some of those arguments would not be substantially justified, the Commissioner need not show that every single argument advanced was sufficiently reasonable; rather, the focus is on whether she had a reasonable basis in law and fact for defending findings within the ALJ's decision that a reviewing court ultimately found to be erroneous in some respect. *Davis*, 2013 WL 6506466, at *1. After all, it is that finding of error that has led the plaintiff to prevail in her appeal and become entitled to attorney's fees under the EAJA, not any other arguments the plaintiff might have raised. Indeed, although the Second Circuit has remanded the case for a new hearing and

limitations on her interaction with supervisors.  The Second Circuit majority panel stated that it was not clear what evidence supports the ALJ's conclusion, noting the ALJ's apparent failure to factor in the opinion of non-examining consultant Dr. S. Juriga's assessment of moderate limitations in plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, as well as consultative examiner Dr. Sara Long's assessment that psychiatric symptoms related to plaintiff's borderline personality disorder and schizoaffective disorder could ostensibly cause problems in the area of relating adequately to others.

    The relevant portion of the ALJ's RFC reads as follows:

> [claimant] should avoid work requiring more complex interaction or joint effort to achieve work goals, for example, work performed alone except for normal supervision; can have no contact with the public.

    In arriving at this conclusion, the ALJ stated that she afforded significant weight to the opinions from Dr. Juriga and Dr. Long, finding they were generally supported by the objective clinical and laboratory findings of record.  AT 20-21.  The ALJ subsequently discussed those clinical findings and specifically stated that they support the opinions from Dr. Juriga and Dr. Long.  AT 22-23.

    In her brief related to the proceedings before this court, the

11

Commissioner made specific arguments related to the opinions of Dr. Juriga and Dr. Long.  Notably, as to Dr. Juriga's opinion, the Commissioner argued that the moderate limitations he opined in areas such as getting along with coworkers and accepting instructions and responding appropriately to criticism from supervisors are consistent with the ability to perform unskilled work.  Dkt. No. 16, at 9-10.  As to Dr. Long's opinion, the Commissioner contended that the RFC limitations on interpersonal interactions adequately account for her opinion regarding plaintiff's ability to relate adequately to others.  *Id.* at 15-16.

In its decision, the Second Circuit majority rejected the Commissioner's position that the ALJ did account for the social limitations expressed in these opinions.  Indeed, when examining what evidence would support the ALJ's RFC finding regarding social limitations, the Second Circuit relied on the perceived fact that the ALJ failed to account for the limitations in the opinions of Dr. Juriga and Dr. Long in concluding that the resulting determination was not supported by substantial evidence.  The question is therefore whether, despite being rejected, the Commissioner's argument had a reasonable basis in law and fact.  I find that it did not.

Regarding Dr. Juriga's assessment, all parties appear to concede

that, in his worksheet, Dr. Juriga noted that plaintiff is "moderately limited" in her abilities to both accept instructions and respond appropriately to criticism from supervisors, and to get along with coworkers and peers. AT 104. Yet in his penultimate opinion, Dr. Juriga merely stated that plaintiff retains the ability to perform entry level work, without elaboration concerning any specifics with respect to plaintiff's ability to interact with supervisors and coworkers within the context of entry level work, despite acknowledging evidence that plaintiff reported thoughts of hurting her ex-boyfriend and other difficulties in relating with people. AT 104-05. In her report, Dr. Long noted plaintiff's report that she had a difficult time dealing with people at her most recent fast-food job, that she had previously stabbed her boyfriend, which resulted in a psychiatric hospitalization, and that the only good relationship she has is with her mother because everyone else makes fun of her. AT 392. In her opinion, Dr. Long did not assess any concrete or specific limitations relating to socialization, noting instead that "[i]t is not clear that she is relating adequately with others[;] [h]er psychiatric symptoms might cause problems in this area." AT 394-95.

  Both the ALJ and the Commissioner relied heavily on these two opinions in the area of social functioning finding, including as to the ability to work with coworkers and supervisors. *See* AT 18 (citing primarily to

portions of Dr. Long's examination to support the findings made when applying the psychiatric review technique); AT 20-21 (affording significant weight to the opinions of Dr. Long and Dr. Juriga while assigning limited or no weight to the opinions of the other sources in the record). Yet, as can be seen, these opinions do not provide any specific assessment of such functioning. Dr. Long's opinion is indeed very clear regarding the fact that she is not certain what level of restriction plaintiff has in the area of social functioning; such lack of an opinion cannot reasonably be the basis for the ALJ's finding. Although there is some legal basis in the precedent of this court and the Second Circuit for the Commissioner's assertion that Dr. Juriga's opinion can constitute substantial evidence in some situations because of his expertise with and knowledge of the Social Security disability benefits program, I do not believe that such heavy reliance on that opinion was warranted in this instance. Even if the Commissioner was reasonable in arguing that Dr. Juriga's opinion for an ability to perform "entry level" work with some type of moderate limitation in interacting with coworkers and supervisors is synonymous and not inconsistent with a finding of an ability to perform unskilled work, such work by definition requires an ability to respond appropriately to supervision and coworkers. SSR 85-15. However, because the ALJ purported to impose some level of

additional limitation specifically on interaction with coworkers, Dr. Juriga's opinion does not explain from where such limitations were derived. Neither the ALJ's decision nor the Commissioner's arguments before this court suggest what other evidence in the record would constitute substantial evidence to support the specific RFC adjudged by the ALJ in terms of plaintiff's social functioning. Given the facts here, I find that this is therefore one of those cases in which the Commissioner lacked a reasonable basis in fact for its positions regarding the relevant issue, and therefore find that substantial justification was lacking for its defense of the ALJ's decision in this litigation.

    I recognize that there is something seemingly incongruous in finding the Commissioner's argument to be lacking a reasonable basis in law and fact where both I and a judge of the Court of Appeals have previously concluded that the ALJ committed no error. However, as was discussed above, such findings are not dispositive, but rather merely one piece of evidence to be considered when assessing whether the Commissioner's positions in a given case were substantially justified. I note in particular that, in my oral bench decision, although I concluded that the ALJ did not commit any error in relying on the opinions of Dr. Long and Dr. Juriga, which I found to provide substantial evidence to support the RFC as a

15

general matter, I did not make any specific or detailed findings regarding whether those opinions supported the relevant social limitations that were the focus of the Second Circuit's remand.  Dkt. No. 20, at 20-24.  Indeed, I acknowledged that the ALJ's explanation of how certain moderate limitations noted in Dr. Juriga's worksheet was somewhat lacking, although I ultimately concluded that moderate limitations have not generally been found to preclude the performance of unskilled work.  Dkt. No. 20, at 22-23.  Nor does Circuit Judge Menashi's dissent appear to specifically provide an answer to the majority's finding that the ALJ had not explained what evidence supported the specific social limitations related to interaction with coworkers and supervisors, finding only that the moderate limitations from Dr. Juriga's worksheet could reasonably be interpreted as supporting the inclusion of those limitations.  Dkt. No. 26-2, at 2-3.  Having reviewed the ALJ's decision and the Commissioner's arguments in careful detail, I find that neither my prior findings nor those of Judge Menashi would be sufficient to outweigh the other relevant considerations in this case.

     Because the Commissioner lacked substantial justification for one of the arguments related to an error identified by the Second Circuit as warranting remand, there is no need to consider her arguments regarding the other identified error, as the Commissioner is required to show that she

was substantially justified in all relevant positions taken. *Davis*, 2013 WL 6506466, at *1; *Bartha*, 2020 WL 2315578, at *1. Because the Commissioner's position on one of the identified errors was not substantially justified, I will grant plaintiff's motion and award the requested EAJA fees in the amount of $5,989.82 for work performed before this court and $6,986.50 for work performed appealing to the Second Circuit Court of Appeals, for a total award of $12,976.32.

IV. SUMMARY AND ORDER

Based on the foregoing, I find that the Agency's position on at least one of the issues on which the Second Circuit majority ordered remand lacked a reasonable basis in law and fact, and was therefore not substantially justified. Accordingly, it is hereby

ORDERED that plaintiff's motion for attorney's fees pursuant to the EAJA (Dkt. No. 29) is GRANTED; and it is further

ORDERED that plaintiff is awarded attorney's fees, pursuant to the EAJA, in the amount of $12,976.32, to be payable to plaintiff's attorney, subject to offset for any qualifying debt plaintiff may be found to owe.

Dated:   July 13, 2023
         Syracuse, NY

_____
DAVID E. PEEBLES
U.S. Magistrate Judge